IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JACQUELINE RACENER, individually And on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| DAVID K. OVERSTREET and OVERSTREET 2020 | ) ) ) |
| Defendants. | ) |

**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(A) - FEDERAL QUESTION**

**TO:   The Clerk of the Court**
**United States District Court, Southern District of Illinois**
**East St. Louis Division**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§1331 and 1441, *et seq.*, Defendants, DAVID K. OVERSTREET and OVERSTREET 2020, hereby file this Petition for Removal of the case styled JACQUELINE RACENER, individually and on behalf of all others similarly situated v. DAVID K. OVERSTREET and OVERSTREET 2020, pending as Cause No. 2020-MR-0236 in the Circuit Court of St. Clair County, Illinois, on the following grounds:

1. On September 30, 2020, Plaintiff, JAQUELINE RACENER, filed a Verified Petition for Discovery Pursuant to Illinois Supreme Court Rule 224 styled as JACQUELINE RACENER, individually and on behalf of all others similarly situated v. DAVID K. OVERSTREET and OVERSTREET 2020, Cause No. 2020-MR-0236, in the Circuit Court of St. Clair County, Illinois.  A copy of the Petition is attached hereto as Exhibit A. Defendants were served with the Petition on the same date it was filed.

2. Plaintiff filed with her Petition a Motion for an Emergency Ex Parte Temporary Restraining Order.   A copy of that Motion is attached hereto as Exhibit B.

1

3. The Circuit Court granted Plaintiff's Motion on September 30, without affording Defendants an opportunity to be heard. A copy of that Order is attached hereto as Exhibit C.

4. The next day, Plaintiff filed a Motion for a Preliminary Injunction, asking the Court to extend the Temporary Restraining Order. She then filed an Amended Motion for a Preliminary Injunction on October 8, 2020. A copy of the Motion for Preliminary Injunction is attached hereto as Exhibit D and a copy of the Amended Motion for Preliminary Injunction is attached hereto as Exhibit E.

5. Under Illinois Supreme Court Rule 224, a Petition for Discovery is a mechanism available to "[a] person or entity who wishes to engage in discovery *for the sole purpose of ascertaining the identity of one who may be responsible in damages*." (emphasis added). The Rule contains no provision for the use of such Petitions to support motions for temporary restraining orders or preliminary injunctions. *See Alemayehu v. Boeing Corp.*, 2010 WL 3328278, at *1 (N.D. Ill. Aug. 18, 2010)("Despite the references to an "action" in Rule 224, it is clear by the substance of the rule that it was intended merely as a tool for a party to use to obtain information as a precursor to the filing of a civil action.").

6. While traditional Rule 224 Petitions are not removable, *see e.g.*, *Alemayehu*, 2010 WL 3328278, at *2, Courts have reached that conclusion because properly filed Rule 224 Petitions seek only discovery rather than to impact the substantive rights of another party. *See id.* ("There are no allegations in the Petition that show that Petitioner is seeking any damages or any other relief that would indicate that the Petition should be construed as a complaint or a civil action against Boeing.").

7. Here, by obtaining a temporary retraining order and seeking a preliminary injunction to curtail the actions of David K. Overstreet and the Overstreet 2020 campaign, Plaintiff is far exceeding the permissible scope of a Rule 224 Petition. *See Angelo v. Moriarty*, No. 15 C 8065, 2016 WL 640525, at *3 (N.D. Ill. Feb. 18, 2016)("Illinois courts have repeatedly held that the purpose of a Rule 224 petition for discovery is 'to identify a party that may be responsible—not to establish actual liability.'"). For example, in granting Plaintiff's Emergency Ex Parte Motion for a Temporary Restraining Order, the Court held that the order was "necessary to preserve the substantial interests the *Plaintiff* has in pursuing her proposed TCPA class action suit against *Defendants* and recovering damages the Defendants likely owe her and the putative class members she seeks to represent." Exhibit C at ¶ 1 (emphasis added). *See also id.* at ¶2 (referring to a future judgment that will be entered "in this *case*")(emphasis added).

8. Indeed, as Plaintiff recognizes in her Amended Motion for a Preliminary Injunction, such an order requires "(1) a clearly ascertained right in need of protection, (2) an irreparable injury in the absence of an injunction, (3) no adequate remedy at law, and (4) *a likelihood of success on the merits*." *See Mohanty v. St. John Heart Clinic, S.C.*, 225 Ill. 2d 52, 62 (2006)." (emphasis added)  *See* Am. Mot. at ¶ 7. It is impossible to "succeed on the merits" of a petition for discovery.

9. Because Plaintiff has obtained and continues to seek additional relief that substantially impacts the activities of Defendants, her Petition for Discovery should be construed as a civil action.

10. Plaintiff has alleged that Defendants have violated 47 U.S.C. §227, a federal statute. Therefore, this case involves a civil action over which the United States District Court

3

properly has original jurisdiction under 28 U.S.C. §1331 and is therefore removable to this Court by virtue of the provisions of 28 U.S.C. §1441, *et seq.*

11. This Petition for Removal is being timely filed as required by 28 U.S.C. §1446(b) within 30 days after Defendants received notice, through service or otherwise, of the complaint.

12. Pursuant to 28 U.S.C. §1441(a), a civil action brought in a state court over which the United States District Court has original jurisdiction may be removed to that District Court embodying the place where such action is pending.  Since this action is now pending in the Circuit Court of St. Clair County, Illinois, this Court has removal jurisdiction.

13. A copy of this Notice of Removal is being provided to all adverse parties and filed with the Clerk of the Circuit Court of St. Clair County, Illinois, as required by 28 U.S.C. §1446(d).

Dated: October 12, 2020.

Respectfully submitted,

By:     /s/  Patrick A. Bousquet

Patrick A. Bousquet ARDC 6295945
SmithAmundsen, LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
PBousquet@salawus.com
Counsel for Defendants

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that he caused a copy of the attached Notice of Removal to be served upon the parties below via e-mail from 150 N. Michigan Avenue #3300 Chicago, Illinois 60601 on October 12, 2020.

John J. Driscoll  
The Driscoll Firm, P.C.  
211 N. Broadway, Suite 4050  
St. Louis, MO 63012  
314-932-3232  
314-932-3233  
john@thedriscollfirm.com

                                          /s/ Patrick A. Bousquet