# Exhibit A

Electronically Filed
Kahalah A. Clay
Circuit Clerk
CARMEN GLENN
20MR0236
St. Clair County
9/30/2020 10:00 AM
10621107

**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT**
**SAINT CLAIR COUNTY, ILLINOIS**

JACQUELINE RACENER, et al., individually and )
on behalf of all others similarly situated, )
                                                   )
        Plaintiff, )
                                                   )      Case No. 20MR0236
v.                                              )
                                                   )
DAVID K. OVERSTREET AND OVERSTREET )
2020, )
                                                   )
                                                   )
        Defendant. )

---

**VERIFIED PETITION FOR DISCOVERY**
**PURSUANT TO SUPREME COURT RULE 224**

COMES NOW Plaintiff, Jacqueline Racener, by and through the undersigned counsel,

and brings this Motion for Discovery pursuant to Supreme Court Rule 224, and in support

thereof states as follows:

1. This matter concerns an effort to hold accountable those unknown person(s) and/or

   entities that perpetrated an alarming invasion of privacy of an elderly woman by the name

   of Jacqueline Racener.

2. On September 25, 2020 at approximately 5:57 PM CST, Jacqueline Racener received a

   flurry of as many as five unsolicited text messages and images on her mobile device

   (with number ending in 3120) from the following telephone number with an out-of-state,

   West Virginia area code: (304)-249 -9020.

3. On September 27, 2020 at approximately 6:30 PM CST, Ms. Racener opened the

   aforementioned text messages for the first time.

10/1/2020  PB

1

4. Upon information and belief, (304)-249 -9020 is a non-fixed VoIP number. Non-fixed VoIP numbers are phone numbers that do not need to be associated with a fixed mailing address and are therefore frequently used for unlawful activity because they are easy to obtain and difficult to trace.

5. Upon information and belief, non-fixed VoIP numbers are often utilized in unlawful "robotext" campaigns that violate the Telephone Consumer Protection Act, 47 U.S.C. Section 227 *et seq*. ("TCPA").

6. The unsolicited texts sent to Ms. Racener contained a political campaign-related marketing messages calling on Plaintiff to support the judicial candidacy of Justice David Overstreet for Illinois Supreme Court. At the time she received the texts, Plaintiff had never met nor heard of Justice David K. Overstreet.

7. Upon information and belief, Overstreet 2020 is a judicial campaign organization and alter ego for Judge David K. Overstreet. See Overstreet 2020 "Committee Details", available at:

   https://www.elections.il.gov/CampaignDisclosure/CommitteeDetail.aspx?ID=2TbiCfTX pxV0hD35pjgMVg%3d%3d&T=637369744178500091.

8. The following are screenshots of the text messages in question:











9. When she opened the aforementioned text messages, Ms. Racener found the unwanted flurry of text messages and pictures to be alarming and disturbing in part because she had no idea who Judge David K. Overstreet was or how he—or those working on his behalf—acquired her mobile telephone number to begin with.

10. At no prior time did Plaintiff provide her consent to being contacted via text message, or otherwise, by the person(s) and/or entities who sent the campaign-related marketing message to her mobile device (with the number ending in 3120) on that day.

11. Upon information and belief, the person(s) and/or entities who sent Ms. Racener the aforementioned text messages did so in violation of the TCPA.

12. As a result, the person(s) and/or entities who violated the TCPA would be liable to Ms. Racener—and other persons similarly situated—for statutory damages between $500 and $1500 per violation. Where here there were as many as *five* unwanted text communications sent to Ms. Racener, the responsible parties could be liable for damages of between $2,000 and $7,500 to Ms. Racener alone—in addition to similar damages owed to similarly situated persons.

13. Because Ms. Racener is not familiar with the phone number which sent her the text messages in question or the person(s) and/or entities who took part in the potentially unlawful transmission, she is not currently able to ascertain the identities of the parties who are likely responsible for significant monetary damages owed to her under the TCPA.

14. As such, under Illinois Supreme Court Rule 224, Plaintiff respectfully brings this motion for limited discovery and requests the Court to issue an Order requiring Respondents to produce identifying information set forth in Exhibit A attached hereto.

15. This discovery is necessary in order for Petitioner to ascertain the identifies of potential

defendants.

WHEREFORE, Petitioner Jacqueline Racener, Individually and On Behalf of All Persons

Similarly Situated, respectfully requests an Order of the Court requiring Respondent to produce

identifying information as set forth in Exhibit A attached hereto, and for such other and further

relief as this Court deems just and proper.

Dated: September 30, 2020

Respectfully submitted,

By: /s/ John J. Driscoll_____

JOHN J. DRISCOLL #6276464

**THE DRISCOLL FIRM, P.C.**
211 N. Broadway, Suite 4050
St. Louis, Missouri 63012
Telephone: (314) 932-3232
Facsimile: (314) 932-3233
john@thedriscollfirm.com

ATTORNEY FOR PLAINTIFF

6

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

Jacqueline Racener

**EXHIBIT A TO PETITION FOR DISCOVERY PURSUANT TO SUPREME COURT RULE 224**

**DEFINITIONS AND INSTRUCTIONS: DAVID K. OVERSTREET**

1.      The words "OVERSTREET CAMPAIGN TEXTS" refer to the campaign text message(s) sent to Jacqueline Racener's mobile device (with number ending in 3120) on September 27, 2020 at approximately 5:57 PM CST from the following number:  (304)-249 - 9020.

2.      "YOU" means Judge David K. Overstreet, and any employees, agents, representatives, or other persons, entities, or organizations acting, or purporting to act, on behalf of the same.

3.      "PERSON" or "PERSONS" means any individual, partnership, corporation, company, association, government agency (whether federal, state, local or any agency of the government of a foreign country) or any other entity.

4.      "DOCUMENT" or "DOCUMENTS" are defined to be synonymous in meaning and equal in scope to the usage of this term in Illinois Rule of Civil Procedure 214

5.      "IDENTIFY" (with respect to persons or entities) means to give, to the extent known, the person's full name, last known address, telephone number, employer or business affiliation, and occupation or business position held.  "Identify" also includes the requirement to furnish a statement of material facts indicating why each such person or entity was identified as responsive to the Request.

6.      "IDENTIFY" (with respect to documents) means to give, to the extent known, the general nature of the document (i.e., whether it is a letter, memorandum, report, drawing, chart, etc.), general subject matter, date of the document, the name and last known business and home

8

address of the original author or draftsman (and, if different, the signer or signers) and of any person who has edited, corrected, revised, or amended the same, and the location of the person now having custody or control of each such document or, if such document has been destroyed, the place of and reason for such destruction.

7.      "IDENTIFY" (with respect to communications) means to give, to the extent known, the name and address of the person(s) who participated in the communication, the date and location of the communication, the substance of the communication, and whether there is a recorded or written record (i.e., written, recorded, videotaped) of the communication.

8.      "AGENT" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

## INFORMATION REQUESTED

1.      IDENTIFY all PERSONS who had any knowledge of the delivery, distribution, or dissemination of the OVERSTREET CAMPAIGN TEXTS or similar communications.

2.      IDENTIFY all PERSONS who had any participation in the delivery, distribution, or dissemination of the OVERSTREET CAMPAIGN TEXTS or similar communications.

3.      Produce all DOCUMENTS which IDENTIFY any PERSON with knowledge of the delivery, distribution, or dissemination of the OVERSTREET CAMPAIGN TEXTS or similar communications.

4.      Produce all DOCUMENTS which IDENTIFY any PERSON who participated in any way in the delivery, distribution, or dissemination of the OVERSTREET CAMPAIGN TEXTS or similar communications.

9

5.      Produce all DOCUMENTS in YOUR possession that refer or relate to Ms. Jacqueline Racener.

6.      Produce all DOCUMENTS in YOUR possession that refer or relate to Ms. Racener's mobile device (with telephone number ending in 3120).

**EXHIBIT B TO PETITION FOR DISCOVERY PURSUANT TO SUPREME COURT RULE 224**

**DEFINITIONS AND INSTRUCTIONS: OVERSTREET 2020**

9.      The words "OVERSTREET CAMPAIGN TEXTS" refer to the campaign text message(s) sent to Jacqueline Racener's mobile device (with number ending in 3120) on September 27, 2020 at approximately 5:57 PM CST from the following number:   (304)-249 - 9020.

10.      "YOU" means OVERSTREET 2020 as detailed in the "Committee Details", available                                                                      at: https://www.elections.il.gov/CampaignDisclosure/CommitteeDetail.aspx?ID=2TbiCfTXpxV0hD 35pjgMVg%3d%3d&T=637369744178500091, and any employees, agents, representatives, or other persons, entities, or organizations acting, or purporting to act, on behalf of the same or on behalf of David K. Overstreet.

11.      "PERSON" or "PERSONS" means any individual, partnership, corporation, company, association, government agency (whether federal, state, local or any agency of the government of a foreign country) or any other entity.

12.      "DOCUMENT" or "DOCUMENTS" are defined to be synonymous in meaning and equal in scope to the usage of this term in Illinois Rule of Civil Procedure 214

13.      "IDENTIFY" (with respect to persons or entities) means to give, to the extent known, the person's full name, last known address, telephone number, employer or business affiliation, and occupation or business position held.  "Identify" also includes the requirement to furnish a statement of material facts indicating why each such person or entity was identified as responsive to the Request.

11

14.    "IDENTIFY" (with respect to documents) means to give, to the extent known, the general nature of the document (i.e., whether it is a letter, memorandum, report, drawing, chart, etc.), general subject matter, date of the document, the name and last known business and home address of the original author or draftsman (and, if different, the signer or signers) and of any person who has edited, corrected, revised, or amended the same, and the location of the person now having custody or control of each such document or, if such document has been destroyed, the place of and reason for such destruction.

15.    "IDENTIFY" (with respect to communications) means to give, to the extent known, the name and address of the person(s) who participated in the communication, the date and location of the communication, the substance of the communication, and whether there is a recorded or written record (i.e., written, recorded, videotaped) of the communication.

16.    "AGENT" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

## INFORMATION REQUESTED

1.    IDENTIFY all PERSONS who had any knowledge of the delivery, distribution, or dissemination of the OVERSTREET CAMPAIGN TEXTS or similar communications.

2.    IDENTIFY all PERSONS who had any participation in the delivery, distribution, or dissemination of the OVERSTREET CAMPAIGN TEXTS or similar communications.

3.    Produce all DOCUMENTS which IDENTIFY any PERSON with knowledge of the delivery, distribution, or dissemination of the OVERSTREET CAMPAIGN TEXTS or similar communications.

4.      Produce all DOCUMENTS which IDENTIFY any PERSON who participated in any way in the delivery, distribution, or dissemination of the OVERSTREET CAMPAIGN TEXTS or similar communications.

5.      Produce all DOCUMENTS in YOUR possession that refer or relate to Ms. Jacqueline Racener.

6.      Produce all DOCUMENTS in YOUR possession that refer or relate to Ms. Racener's mobile device (with telephone number ending in 3120).