**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

JACQUELINE RACENER, et al., individually and )
on behalf of all others similarly situated, )
                                     )
         Petitioner, )
                                     )      Case 3:20-cv-01075
  v. )
                                     )
DAVID K. OVERSTREET AND OVERSTREET )
2020 )
                                     )
         Respondents. )

## PETITIONER'S MOTION TO IMMEDIATELY REMAND OR SHORTEN THE BRIEFING SCHEDULE AND MEMORANDUM IN SUPPORT

Petitioner, Jacqueline Racener, respectfully moves this Court, pursuant to 28 U.S.C. § 1447(c), to immediately remand this pre-suit discovery action arising under Illinois Supreme Court Rule 224 to the Twentieth Judicial Circuit, St. Clair County, Illinois; or, in the alternative, to shorten the briefing schedule so that Petitioner's motion may be decided as expeditiously as possible. In support of their motion, plaintiffs state as follows:

Respondents' notice of removal—filed less than 24 hours before the Parties' scheduled Rule 224 hearing today in the Twentieth Judicial Circuit of St. Clair County—should be seen for what it is: a desperate, eleventh-hour stall tactic aimed at denying Petitioner the limited, pre-suit discovery she seeks that is necessary in order for her to identify those parties responsible for sending her unlawful text messages and images. The type of measured discovery Petitioner seeks in her Verified Rule 224 Petition is precisely the type of discovery Rule 224 is designed to facilitate. The Court should promptly remand this matter to preserve the proper functioning of Rule 224 and to maintain the limited jurisdiction of this federal Court.

1

**Introduction**

On September 25, 2020, while at home, Petitioner Jacqueline Racener, an 81-year old woman, received a flurry of as many as five unsolicited text messages on her personal mobile device from a number she did not recognize that came from an out-of-state West Virginia area code. Two days later, Petitioner opened the unwanted text messages for the first time. Upon doing so, Petitioner discovered the unsolicited texts contained political, campaign-related marketing messages calling on Petitioner to support the judicial candidacy of Justice David K. Overstreet for Illinois Supreme Court. Petitioner Racener had never previously met, nor heard of David K. Overstreet, and had never authorized him nor anyone from his campaign to contact her in this manner. Based on her investigation, Ms. Racener has reason to believe that these communications violated the TCPA, entitling her to recover statutory damages under federal law from those parties responsible for transmitting the unwanted texts and images.

Because of the clandestine nature of the communication, Ms. Racener remains uncertain of the identity of the party(ies) responsible for sending her what she believes to be unlawful robotexts as a part of a broader campaign. The only information available to her and her attorneys in this respect is derived from the substance of the texts—indicating that David K. Overstreet and/or Overstreet 2020 are parties who might have information pertinent to her being able to identify the party(ies) responsible for sending her text messages she believes to be in violation of federal law.

As such, and in an effort to responsibly seek the additional discovery in order to identify the proper parties in her yet-to-be filed legal action, on September 30, 2020, Racener filed a Verified Petition for Discovery Pursuant to Illinois Supreme Court Rule 224 ("Rule 224 Petition") in the Twentieth Judicial Circuit, St. Clair County, Illinois, directed at Respondents David K.

Overstreet and Overstreet 2020 (collectively, "Respondents" or "Overstreet"). Petitioner directed this Rule 224 Petition at the Respondents as they were the only persons and/or entities referenced in the unsolicited text messages she received. The Rule 224 Petition she filed seeks no monetary damages or injunctive relief, but instead seeks only to obtain the discovery of otherwise unavailable information that she needs to identify the individuals or entities responsible for sending the unsolicited and intrusive texts to her. This is precisely what Rule 224 was designed to facilitate. *See* Ill. S. Ct. R. 224(a)(1)(i); *Hanley v. Cottrell, Inc.*, No. 04 CV 889 DRH, 2006 WL 516731, at *1 (S.D. Ill. Mar. 1, 2006) (Rule 224 motion that sought to "identity of the parties responsible for the design, manufacture, distribution, and maintenance of the trailer right that allegedly caused Mr. Hanley's injury.").[1]

In the evening of October 12, 2020, Overstreet removed the matter to this Court pursuant to 28 U.S.C. §§ 1331 and 1441.[2] Overstreet's Notice of Removal is facially improper, runs immediately counter to the entire universe of federal decisions ruling on this issue, and relies on a flawed assumption that a Rule 224 Petition is the equivalent of a civil action. As demonstrated below, the plain language of Rule 224 and Illinois case law interpreting it, as well as Seventh Circuit and precedent within this District, stand for clear authority that a Rule 224 is a *pre*-suit discovery mechanism arising under Illinois law and *not* a civil action forming the basis for removal. Finally, federal courts that have considered the issue of whether pre-suit petitions for

---

[1] In connection with her Rule 224 Petition, Racener also filed an Emergency *Ex Parte* Motion for a Temporary Restraining Order. For the reasons discussed *infra* Section V, this filing does not alter the Rule 224 analysis or otherwise provide a basis for removal.

[2] Previously, on October 6, 2020, Overstreet improperly attempted to remove this case by filing a Notice of Removal in the Twentieth Judicial Circuit, St. Clair County, Illinois. Overstreet did not serve this improper filing on Petitioner's counsel until six days later, or October 12, 2020. That same day, just a few hours later, Overstreet attempted to correct its prior defective notice of removal by filing an "Amended Notice of Filing a Notice of Removal" in the Twentieth Judicial Circuit, St. Clair County, Illinois along with a "Notice of Removal" in the Southern District of Illinois.

discovery are removable have concluded that such petitions are not subject to removal. In short, this case should be expeditiously remanded to the Twentieth Judicial Circuit, St. Clair County, Illinois.

## Legal Standard

Federal courts are courts of limited jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A defendant may remove to federal court a case that was originally filed in state court if the case satisfies certain jurisdictional requirements as provided by statute. *See* 28 U.S.C. §§1441–55. "[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States...." 28 U.S.C. § 1441(a). The party seeking removal bears the burden of demonstrating federal jurisdiction, "and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *see also Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013) (noting the "long-established precedent that the removal statutes are to be strictly construed to preserve the limited jurisdiction of federal courts"); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). As a result, a district court is required to resolve all doubts concerning federal jurisdiction in favor of remand, and any uncertainties should be resolved in favor of remand. *Campbell v. Bayou Steel Corp.*, 338 F. Supp.2d 896, 902 (N.D.Ill. 2004).

## Argument

Respondents' Notice of Removal purports to set forth the requirements for removal under 28 U.S.C. § 1441. However, in an attempt to demonstrate that those requirements are satisfied in this case, Overstreet glosses over the critical distinction between this case and all of the cases cited

4

in its Notice of Removal—the fact that Racener has only filed a *petition for discovery*, not a formal complaint. By ignoring this distinction, Overstreet has failed to address (much less satisfy) the most important requirement of Section 1441—that the matter sought to be removed must be a "civil action." *See* 28 U.S.C. § 1441(c)(1). As a result, Overstreet's Notice of Removal improperly puts the cart before the horse in an attempt to remove this action *before an action has ever been filed*. Indeed, the very purpose of Rule 224 is to potentially prevent frivolous litigation or complaints filed against wrongly-named defendants. As the plain language of Rule 224 and the cases interpreting it make clear, a petition for discovery under Rule 224 is not a "civil action" subject to removal. Consequently, this case should be remanded to the Twentieth Judicial Circuit, St. Clair County, Illinois.

I. **Respondents' Removal is Improper—No Illinois District Court Has Ever Granted Removal in the Rule 224 Context**

Tellingly, Respondents do not cite a single case granting removal of a Rule 224 Petition—because there are none.[3] The only Illinois district court cases to address the issue—including this Court—have remanded cases in the Rule 224 context. *See e.g.*, *Bond v. Wright Med. Tech., Inc.*, No. 12-CV-597-DRH-DGW, 2012 WL 2413051, at *3 (S.D. Ill. June 26, 2012) (citing cases);[4] *see also Wisniewski v. City of Chicago,* No. 98 C 7682, 1998 WL 895746, * 1 (N.D.Ill.Dec.15, 1998) (Shadur, J.) (finding that "[r]espondents in discovery" were purely "nominal defendants" under Rule 224 and did not provide a basis for removal to federal court);[5] *Diaz v. City of Chicago*,

---

[3] Indeed, Respondents acknowledge as much. *See* ECF 1 at 2 (conceding that "traditional Rule 224 Petitions are not removable").

[4] A copy of *Bond v. Wright Med. Tech., Inc.*, No. 12-CV-597-DRH-DGW, 2012 WL 2413051 (S.D.Ill. June 26, 2012) is attached as **Exhibit A** to this Memorandum.

[5] A copy of *Wisniewski v. City of Chicago,* No. 98 C 7682, 1998 WL 895746 (N.D.Ill.Dec.15, 1998) is attached as **Exhibit B** to this Memorandum.

2009 WL 1034504 at *5 (N.D.Ill. April 14, 2009);[6] *Community Foundation For Jewish Education v. Federal Insurance Company*, 2000 WL 520924 at *6 (N.D.Ill. April 24, 2000) (noting that the Seventh Circuit has held that being named as a respondent for the purposes of discovery under Rule 224 is not the same as being named a defendant against whom a claim is being made).[7]

Consistent with the plan language of Rule 224, this Court has previously held that a Rule 224 matter (such as this one) is *not* removable: "Rule 224 ha[s] no applicability in federal court, as a petition for discovery does not appear to the Court to be either a case or controversy for purposes of Article III's strictures on federal jurisdiction (which do not apply, of course, in state court)." Similarly, the *Bond* Court held that removal of a Rule 224 discovery petition was inappropriate because "federal procedural rules, which apply in removed cases as though the action was first filed in federal court, do not contemplate the maintenance of a suit purely for discovery." *Id.* (citing *Crook v. WMC Mortgage Corp.*, No. 06–cv–535, 2006 WL 2873439, at *1 (S.D.Ill. Oct.5, 2006) (Gilbert, J.)).

Moreover, federal courts around the country faced with this issue have routinely remanded pre-suit petitions for discovery, holding that such petitions are *not* civil actions. *Motor Manufacturing Alabama, LLC*, 575 F.Supp.2d 1251 (M.D.Ala. 2008) (holding that pre-suit petition for discovery was not removable); *Hasty v. Allstate Insurance Co.*, 2007 WL 1521126 (S.D.Miss. 2007) (remanding plaintiffs' complaint for discovery because it was not a removable civil action); *Sawyer v. E.I. DuPont de Nemours & Co.*, 2006 WL 1804614 (S.D.Tex. 2006) (remanding pre-suit petition for discovery because petition was not a removable "civil action");

[6] A copy of *Diaz v. City of Chicago*, 2009 WL 1034504 (N.D.Ill. April 14, 2009) is attached as **Exhibit C** to this Memorandum.

[7] A copy of *Community Foundation For Jewish Education v. Federal Insurance Company*, 2000 WL 520924 (N.D.Ill. April 24, 2000) is attached as **Exhibit D** to this Memorandum.

6

*Bryan v. America West Airlines*, 405 F.Supp.2d 218 (E.D.N.Y. 2005) (order to show cause for limited purpose of obtaining discovery to identify the appropriate parties to his contemplated action was not a civil action subject to removal); *Barrows v. American Airlines, Inc.*, 164 F.Supp.2d 179 (D.Mass. 2001) (remanding removal based on federal question and diversity jurisdiction and holding that petition for pre-suit discovery not removable to federal court); *Mayfield-George v. Texas Rehabilitation Center*, 197 F.R.D. 280 (N.D.Tex. 2000) (remanding removal based on federal question jurisdiction because petition for discovery was not a removable "civil action"); *In re Hinote*, 179 F.R.D. 335 (S.D.Ala. 1998) (holding that state court proceeding pursuant to Alabama Rule of Civil Procedure permitting a party to obtain discovery before an action is commenced by filing a verified petition in circuit court is not a "civil action" within meaning of removal statutes).

These federal courts have recognized that permitting the removal of a pre-suit petition for discovery amounts to "removal of a civil action before the action was filed" and they declined to "expand removal jurisdiction to the pre-litigation realm." *In re Hinote*, 179 F.R.D. at 335. As noted by the district court in *Young v. Hyundai Motor Manufacturing Alabama, LLC*, "these cases are uniform in holding that pre-suit discovery petitions which assert no claim or cause of action upon which relief can be granted and, therefore, fail to initiate a civil action." *Young*, 575 F.Supp.2d at 1254. The reasoning behind these cases is simple and straightforward and should be applied in this case. Racener's Rule 224 Petition should be remanded to state court because "it is a request for discovery, nothing more." *In re Hinote*, 179 F.R.D. at 336.

Consistent with this Court's ruling in *Bond*, and the other precedent cited above, this Court should summarily grant Petitioner's Motion for Remand.

## II.      Only a "Civil Action" May be Removed Pursuant to 28 U.S.C. § 1441

Noticeably absent from Overstreet's Notice of Removal is any discussion of the fact that Section 1441 only applies to "civil actions." *See* 28 U.S.C. § 1441(c)(1). In relevant part, Sections 1441(a) and (c)(1) provide that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed[,]" "[i]f a civil action includes [] a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)." 28 U.S.C. § 1441(a), (c)(1). While Respondents might be able to argue that Section 1441 applies to a formal complaint filed in a state court, this section does not apply to a Rule 224 Petition.

## III.     A Rule 224 Petition is Not a "Civil Action"

### 1.       The plain language of Rule 224 indicates that a petition for discovery is not a civil action.

Starting with the title of Rule 224, which is "Discovery Before Suit to Identify Responsible Persons and Entities," it is clear that a petition for discovery is a pre-suit discovery mechanism, not a civil action. In pertinent part, Rule 224 provides as follows:

> (i) A person or entity who wishes to engage in discovery for the sole purpose ascertaining the identity of one who may be responsible in damages may file an independent action for such discovery.

> (ii) The action for discovery shall be initiated by the filing of a verified petition in the circuit court of the county in which the action or proceeding might be brought or in which one or more of the persons or entities from whom discovery is sought resides. The order allowing the petition will limit discovery to the identification of responsible persons and entities.

Ill. Sup. Ct. R. 224(a)(4).

Rule 224 carefully refers to those involved as "petitioners" and "respondents" in order to distinguish them from parties to an actual lawsuit. In contrast, Section 1441 refers to "defendants." *See e.g.*, 28 U.S.C. § 1441(a) (cause of action "may be removed by the *defendant* or the

*defendants…*") (emphasis added). Moreover, Rule 224 is limited to "discovery for the sole purpose

ascertaining the identity of one who may be responsible in damages" in anticipation of a lawsuit

that "might be brought." Ill. Sup. Ct. R. 224(a)(4)(ii). That is, a petition under Rule 224 does not

commence a civil action, but instead simply provides a state court with authority to "grant limited

discovery to acquire information which would suggest the potential of liability so as to make the

*subsequent filing of a lawsuit* a fruitful pursuit." *Beale v. EdgeMark Financial Corp.*, 664 N.E.2d

302, 308-309 (Ill.App. 1st Dist. 1996) (emphasis added) ("[P]etitioner referred to in Rule 224 may

be entitled to obtain 'knowledge of the connection of an individual to the injury involved ....'")

(citation omitted).

The Committee Comments further clarify that Rule 224 is a *pre-suit* means of obtaining

discovery:

> [Rule 224] provides a tool by which a person or entity may, with leave of court,
> compel limited discovery *before filing a lawsuit* in an effort to determine the
> identity of one who may be liable in damages. The rule is not intended to modify
> in any way any other rights secured or responsibilities imposed by law. . . . The rule
> facilitates the identification of *potential defendants* through discovery depositions
> or through any of the other discovery tools set forth in Rules 201 through 214. The
> order allowing the petition will limit discovery to the identification of responsible
> persons and entities.

134 Ill.2d R. 224, Committee Comments, at 188-89 (emphasis added).

Indeed, the limitation set forth in Rule 224 to "discovery for the sole purpose of

ascertaining the identity of one who may be liable in damages" would make little sense if a Rule

224 Petition were the equivalent of a civil action. If filing a Rule 224 petition were the same as

filing a civil action, there would be no reason for a party to engage in the limited discovery

available under Rule 224 when the more expansive discovery under the general discovery rules

would be available.1 Illinois courts recognize the important distinction between a Rule 224 petition

and the general discovery rules available to a party after a civil action has been commenced. As the Appellate Court of Illinois has noted:

> "[The Illinois Supreme Court] has established proper procedures for discovery that a potential plaintiff may need to determine whether the facts justify filing suit against a potential defendant. . . . Under Supreme Court Rule 224 (134 Ill.2d R. 224), even before filing suit a potential plaintiff may obtain discovery by filing a special action for discovery."

*Federal Signal Corporation v. Thorn Automated Systems, Inc.*, 693 N.E.2d 418, 422 (Ill.App. 1st Dist. 1998). Thus, the plain language of the statute and the Committee Comments confirm that a Rule 224 petition is merely a pre-suit means to obtain discovery; not a civil action.

> **2.      Courts in this Circuit recognize that a Rule 224 petition for discovery is not a civil action.**

As discussed *supra* Section I, Courts in this Circuit have unanimously ruled that  Rule 224 petition for discovery is not a civil action that would give rise to a basis for removal. This Court should do likewise. *See e.g.*, *Bond*, 2012 WL 2413051, at *3; *see also Wisniewski*, 1998 WL 895746, * 1; *Diaz*, 2009 WL 1034504 at *5; *Community Foundation For Jewish Education*, 2000 WL 520924 at *6.

## IV.    <u>Petitioner Racener Has Satisfied All The Requirements Necessary to Invoke Rule 224</u>

Illinois Supreme Court Rule 224 provides that "[a] person or entity who wishes to engage in discovery for the sole purpose of ascertaining the identity of one who may be responsible in damages may file an independent action for such discovery." Ill. S.Ct. R. 224(a)(1)(i) (eff. May 30, 2008). The petition must be verified and must set forth "(A) the reason the proposed discovery is necessary and (B) the nature of the discovery sought." Ill. S.Ct. R. 224(a)(1)(ii) (eff. May 30, 2008).

Illinois courts have held that a Rule 224 petition must "state with particularity the facts necessary to state a cause of action against the individual whose identity is sought*." Guava LLC*

*v. Comcast Cable Commc'ns, LLC*, 2014 IL App (5th) 130091, ¶ 62, 10 N.E.3d 974, 990 (citations omitted). On top of this "the facts outlining the cause of action the petitioner has against the person whose identity is sought must be sufficient to overcome a motion to dismiss pursuant to section 2–615 of the Illinois Code of Civil Procedure (735 ILCS 5/2–615 (West 2012))[.]" *Id.* (citing *Stone v. Paddock Publications, Inc.,* 2011 IL App (1st) 093386, ¶ 18, 356 Ill.Dec. 284, 961 N.E.2d 380). "[I]f the petitioner cannot satisfy the section 2–615 standard of pleading in its Rule 224 petition for early discovery, then the petitioner has not made an adequate statement that the discovery is 'necessary' as required by the Rule." *Id.* Importantly, the party moving for a Rule 224 Petition, bears the burden of demonstrating that the discovery requested is necessary. *See Doe ex rel. Doe v. Catholic Diocese of Rockford*, 2015 IL App (2d) 140618, ¶ 16, 38 N.E.3d 1239, 1245 ("Under Rule 224, the unidentified individual or entity does not bear the burden of demonstrating that the discovery request does not satisfy the rule; rather, it is the petitioner who bears the burden of showing that his or her proposed complaint supports a cause of action, even if the unidentified individual or entity does not challenge the request.") (citations omitted); *see also Kamelgard v. Am. Coll. of Surgeons*, 385 Ill. App. 3d 675, 686, 895 N.E.2d 997, 1007 (2008) (finding trial court had abused its discretion in dismissing Rule 224 petition because hearing was necessary to determine whether scope of requested discovery was warranted under the Rule); *Maxon v. Ottawa Publ'g*, 929 N.E.2d 666, 675-76 (Ill. App. Ct., 3d Dist., 2010) (holding that Illinois Supreme Court Rule 224, which authorizes independent actions for the discovery of the "identity of one who may be responsible in damages," coupled with the motion to dismiss standard, provides the same level of protection given that Illinois is a fact pleading state).

As applied, for Petitioner Racener to have satisfied her Rule 224 burden, it was necessary for her to "state with particularity the facts necessary to state a cause of action against the

11

individual whose identity is sought." *Guava LLC v. Comcast Cable Commc'ns, LLC*, 2014 IL App (5th) 130091, ¶ 62, 10 N.E.3d 974, 990 (citations omitted). Under the circumstances, Ms. Racener's Rule 224 Petition sets forth the details necessary to outline her likely cause of action in the manner necessary to justify the discovery requested and to support the need for identifying those specific person(s) or entities who were responsible for transmitting the unsolicited and unauthorized text messages in question. Petitioner's Rule 224 Motion did precisely what was required of her under the Rule and consistent with relevant precedent applying it. *See Hadley v. Doe*, 2015 IL 118000, ¶ 27, 34 N.E.3d 549, 557 ("Thus, we hold that to ascertain whether a petitioner has satisfied Rule 224's necessity requirement, the court must evaluate a defamation complaint to determine whether it will withstand a section 2–615 motion to dismiss."); *see also Guava LLC*, 2014 IL App (5th) 130091, ¶ 57 ("[T]he nature and propriety of the underlying causes of action that [petitioner] is attempting to state against the [respondents] is germane to whether the Rule 224 petition should have been granted, such a determination does not affect the circuit court's power to rule on the Rule 224 petition, which, in and of itself, does not fall into the exclusions to the original jurisdiction of the circuit courts of Illinois as outlined above. Accordingly, we find that the circuit court did have subject matter jurisdiction over [petitioner's] Rule 224 petition for discovery before suit."); *Catholic Diocese of Rockford*, 2015 IL App (2d) 140618, ¶ 16.

Finally, although Petitioner Racener had reason to believe that Overstreet might have some involvement with the text messages to be seem, this fact remains far from certain and it is this very uncertainty that supports her legitimate discovery request under Rule 224. *Contra Gaynor v. Burlington Northern and Santa Fe Railway*, 750 N.E.2d 307, 312 (Ill. App. 2001) ("[K]nowledge of the connection of an individual to the injury involved will preclude further discovery under the rule."). As applied, because Petitioner did not have actual knowledge of the "connection of an

individual to the injury involved[,]" her Rule 224 Petition was warranted and remand to state court is necessary here.

**V.    Any Ancillary Injunctive Relief Sought by Petitioner Supplementing Her Rule 224 Petition Does Not Warrant Removal Nor Otherwise Prejudice Overstreet**

Because Petitioner Racener had reason to believe that the violative conduct set forth in her Rule 224 Petition was ongoing, and was likely to continue to harm her and other similarly situated persons, it was necessary for her to file for an emergency temporary restraining order with the Circuit Court of Illinois County, asking the court to prohibit this conduct from continuing. As David Overstreet and Overstreet 2020 were the only parties Petitioner could reasonably identify that might be somehow responsible for the conduct at issue, Petitioner Racener filed for an Emergency Ex Parte TRO on September 30, 2020 against them both, which the Court granted on that same day.

The injunctive relief sought by Petitioner Racener does not in any way elevate her Rule 224 Petition to a "civil action" nor does it in any way prejudice Overstreet. If Overstreet is not in fact the party responsible for sending the unsolicited text communications to Petitioner—a fact which Petitioner remains uncertain of to this day (thereby necessitating the Rule 224 motion)— then the temporary restraining order prohibiting Respondents from sending unlawful text transmissions in the future would be of no consequence to them. If, on the other hand, Overstreet is the party responsible for such unsolicited communications, then Overstreet should provide the Court or Petitioner with a sworn affidavit indicating as much or otherwise asserting a valid defense for doing so. Regardless, Overstreet fails to cite a single authority establishing that this Court has jurisdiction over a Rule 224 matter. Even Respondents are forced to acknowledge that those federal courts examining this issue have found removal in this context to be improper. This Court should

resist Respondents' invitation to overturn this well-established precedent and should remand this matter promptly.

### **Conclusion**

For the reasons stated above, the Court should immediately remand Racener's Rule 224 Petition to the Twentieth Judicial Circuit, St. Clair County, Illinois; or alternatively, the Court should order an expedited briefing schedule to facilitate a prompt resolution of the remand issue.

Dated: October 13, 2020                    **THE DRISCOLL FIRM, P.C.**

                            By:     *John J. Driscoll*
                                    John J. Driscoll, #6276464
                                    211 N. Broadway, Suite 4050
                                    St. Louis, Missouri 63012
                                    Phone: (314) 932-3232
                                    Fax: (314) 932-3233
                                    john@thedriscollfirm.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 13, 2020, the foregoing document was electronically filed with the Clerk of Court to be served by operation of the Court's CM/ECF system upon all counsel of record.

*/s/ John J. Driscoll*