IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JACQUELINE RACENER individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 20-cv-1075-RJD |
| v. | ) ) | |
| DAVID K. OVERSTREET and OVERSTREET 2020, | ) ) ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Immediately Remand or Shorten the Briefing Schedule (Doc. 5). Defendants filed a Response (Doc 17). As explained further, the Court DENIES Plaintiff's Motion.[1]

**Background**

On September 30, 2020, Plaintiff filed a Motion for *Ex Parte* Temporary Restraining Order against Defendants in the Circuit Court of St. Clair County, Illinois. Plaintiff alleged that she received "as many as five" unsolicited text messages encouraging the recipients to support Justice David Overstreet in his campaign for a position on the Illinois Supreme Court. Plaintiff further alleged that these text messages violated the Telephone Consumer Protection Act, 47 USC §227 ("TCPA"). Plaintiff contended that an *ex parte* restraining order was "manifestly necessary" because she and others "will continue to be injured by Defendants and related parties that continue

---

[1] Plaintiff's request to shorten the briefing schedule is moot, as Defendants voluntarily responded to Plaintiff's motion within eight days. Under SDIL Local Rule 7.1, Defendants had thirty days to respond to the Motion to Remand.

Page **1** of **5**

to send them unsolicited and violative 'robotexts.'"  The Circuit Court granted the *ex parte* temporary restraining order.  Plaintiff also filed a verified Petition for Discovery pursuant to Illinois Supreme Court Rule 224.  The next day, Plaintiff filed a Motion for Preliminary Injunction.  The Petition for Rule 224 Discovery, Motion for *Ex Parte* Temporary Restraining Order, and the Motion for Preliminary Injunction were all filed as part of the same case, Case No. 20-MR-0236. The temporary restraining order expired on October 10, 2020.

Defendants removed Case No. 20-MR-0236 to this Court on October 12, 2020.  Plaintiff filed the instant motion on October 13, 2020, asking the Court to immediately remand the case to the Circuit Court of St. Clair County or to shorten the briefing schedule.  The parties consented to the undersigned conducting all proceedings in this case pursuant to 28 U.S.C. §636(c).  Defendants filed their Response to Plaintiff's Motion to Remand on October 21, 2020.

**Legal Standards**

A defendant may remove a "civil action" from state court to a district court if the district court has original jurisdiction over civil action.  28 U.S.C. §§ 1441(a), 1446(a).  The defendant must remove the case "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. §1446(a).  The purpose of §1446 is to ensure "that a defendant has an opportunity to assert the congressionally bestowed right to remove upon being given notice in the course of the case that the right exists."  *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1078 (10th Cir. 1999) (*quoting* Charles Alan Wright et al., *Federal Practice and Procedure* §3732 at 306 (3d ed. 1998)).  Nonetheless, federal courts are courts of limited jurisdiction, and a case should be remanded to state court when subject matter jurisdiction is questionable.  *See Morris v. Nuzzo*, 718 F.3d 660, 669 (7th Cir. 2013).

Under Illinois Supreme Court Rule 224, a person who "wishes to engage in discovery for the sole purpose of ascertaining the identity of one who may be responsible in damages may file an independent action for such discovery." Ill. S. Ct. Rule 224(a)(1). This Court previously remanded a Rule 224 matter, finding that a "petition for discovery does not appear to the Court to be either a case or a controversy for purposes of Article III's strictures on federal jurisdiction (which do not apply, of course, in state court)." *Bond v. Wright Med. Technology, Inc.*, No. 12-cv-597-DRH-DGW, 2012 WL 2413051, *3 (S.D. Ill. Jun. 26, 2012). The Federal Rules of Civil Procedure do not "contemplate the maintenance of a suit purely for discovery." *Id*.

## Analysis

Plaintiff's Motion to Remand focuses solely on her argument that because she filed a Petition for Rule 224 discovery, Defendants' removal was premature. Plaintiff cites the removal statute and case law finding that a Rule 224 matter is not a "civil action" and only civil actions can be removed. But Plaintiff also filed two motions for injunctive relief under the TCPA, a federal statute. Plaintiff contends "the injunctive relief sought by Petitioner Racener does not in any way elevate her Rule 224 Petition to a 'civil action'." Plaintiff cites no authority to support this contention.

Defendants, on the other hand, provided the Court with multiple district court opinions holding that an action is removable before the plaintiff files a complaint, if the plaintiff has otherwise filed a pleading that sets forth a claim for which the federal court has jurisdiction. *See, e.g., Butts v. Hansen*, 650 F. Supp. 996, 998 (D. Minn. 1987); *Kiddie Rides USA, Inc. v. Elektro-Mobiltechnik GMBH*, 579 F. Supp. 1476, 1477 (C.D. Ill. 1984). While these opinions are not binding on this Court, their reasoning is sound: the plain language of §1446 refers to the "initial pleading" instead of "complaint." *See id*. If the plaintiff files a motion for injunctive relief

pursuant to a federal statute before she files a complaint, the motion for injunctive relief is the "initial pleading" that prompts the removal process. *Butts*, 650 F. Supp at 998. If the defendant waits for the plaintiff to file a complaint, instead of removing the matter based on the motion for injunctive relief, the defendant may miss the 30-day deadline for removal and waive his/her right to have the matter heard in federal court. *See, e.g., Kiddie Rides USA, Inc.,* 579 F. Supp. at 1479-80.

In most cases, the circumstances giving rise to removal "come about as a result of a voluntary act on the part of the plaintiff." *Huffman*, 194 F.3d at 1078. Such is the case here. Plaintiff sought injunctive relief under the TCPA. District courts clearly have subject matter jurisdiction over TCPA claims. *Mims v. Arrow Fin. Services, LLC*, 565 U.S. 368, 386-87 (2012).

The Court acknowledges that there is no procedure in federal court similar to what is outlined in Illinois Supreme Court Rule 224. However, the Court is not convinced by any case law cited by Plaintiff that this matter must be remanded so that she can obtain pre-suit discovery while simultaneously pursuing injunctive relief under a federal statute against Defendants. There are certain procedures available to litigants in state court that are not available in federal court (and *vice versa*) which a litigant must consider before deciding which pleadings to file. Here, Plaintiff chose to pursue injunctive relief pursuant to a federal statute. Removal was therefore appropriate.

## Conclusion

Plaintiff's Motion to Immediately Remand this case is **DENIED**. Plaintiff's request to shorten the briefing schedule is **DENIED AS MOOT**.

Now that the case is in federal court, federal procedural rules apply. Fed. R. Civ. P. 81(c)(1). Plaintiff's Complaint must be filed before her Motion for Preliminary Injunction. Fed. R. Civ. P. 3. On or before **November 10, 2020**, Plaintiff **SHALL FILE** her Complaint. Once

Plaintiff's Complaint is filed, Plaintiff may re-file her Motion for Preliminary Injunction, if desired. In a separate order, the Court will set this matter for an initial scheduling conference pursuant to Federal Rule of Civil Procedure 16.

**IT IS SO ORDERED.**

**DATED:   October 28, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**
